UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CEDRIC C. WILSON,<br><br>Defendant. | Case No.  4:20-MJ-07071-SPM<br>(Eastern District of Missouri)<br>Case No. 20-3080-02-CR-S-MDH<br>(Western District of Missouri) |

**MOTION OF THE UNITED STATES FOR PRETRIAL
DETENTION HEARING PURSUANT TO TITLE 18,
UNITED STATES CODE, SECTION 3142(f)**

The United States of America, by the United States Attorney for the Eastern District of Missouri, the Acting United States Attorney for the Western District of Missouri, and Assistant United States Attorney Jason S. Dunkel, hereby moves the Court to order Defendant detained pending trial, and further requests that a detention hearing be held three (3) days from the date of Defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, Section 3141, et seq.  As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offenses of possession with intent to distribute a mixture or substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C); possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C); possession with intent to distribute a mixture or substance containing a detectable amount of hydrocodone, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C); possession of a firearm in furtherance of a drug trafficking offense, in violation of Title 18, United States Code, Section 924(c)(1)(A); and possession of a firearm by a prohibited person in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

2. The defendant poses a risk to the safety of others in the community; and

3. The defendant poses a serious risk to flee.

## **SUPPORTING SUGGESTIONS**

Subsection 3142(f), 18 U.S.C. provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for 10 years or more is possible.  In this case, the defendant is charged in three separate counts with possession with intent to distribute a mixture or substance containing a detectable amount of heroin, methamphetamine, and hydrocodone, all crimes which a sentence of imprisonment of 20 years is possible.

The Government further submits that in light of the Indictment filed in this case, there is probable cause to believe the defendant violated 21 U.S.C. § 841(a)(1) and (b)(1)(C).  Accordingly, the Government suggests that upon a showing that there exists probable cause that the defendant committed the offense referred to in the Indictment, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community.  *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

Section 3142(e) and (f)(1) provides that a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act as referred to above.  Under the Bail Reform Act there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty which conviction could bring.  *See Apker*, 964 F.2d at 744; *See also United*

*States v. Soto Rivera*, 581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979). As set forth above, the defendant's statutory sentencing range is currently a term of imprisonment of not more than 20 years' imprisonment.

To further support the Government's contention of the defendant's risk to the safety of the community and to flee, the Government offers that:

1. On or about November 14, 2018, Springfield, Missouri, Police Department (SPD) Officer Steven Hartman applied for and received a state narcotic search warrant for a room at the Extended Stay Hotel located at 1333 East Kingsley in Springfield, Greene County, Western District of Missouri. That warrant was executed and located in the room were the defendant and his co-defendant, Carrie Ketcherside.

2. Inside the room, two firearms were located, along with 12.63 grams of methamphetamine, 23.94 grams of heroin, a separate bag of 10.02 grams of heroin, 52.5 hydrocodone pills and two cell phones, along with a large amount of U.S. currency in a safe.

3. Both defendants refused to answer questions about the drugs, firearms or money located in the room.

4. On November 21, 2018, SPD Officer Steven Hartman obtained a search warrant to search the cell phones that were recovered as a result of the November 14, 2018, search.

5. Carrie Ketcherside's cell phone was successfully examined and United States Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Task Force Officer (TFO) Eric Pinegar located 3690 text messages on the phone, including several which related to the distribution of controlled substances. Messages on the phone indicated that both Ketcherside and Wilson had access to the cell phone.

6. The defendant has a prior felony conviction for unlawful use of a weapon out of the Circuit Court of St. Louis County, Missouri, where he pleaded guilty in 2002 and was placed on probation for five years – the defendant absconded from probation until 2012, when he was re-engaged by Missouri Probation and Parole and subsequently discharged.

7. The defendant also has prior felony convictions for burglary in the first degree, robbery in the first degree, robbery in the second degree, and theft, all for actions arising out of events occurring in the City of St. Louis, Missouri. In January 2008, the defendant entered a guilty plea to all charges related to that incident and received a ten-year sentence in the Missouri Department of Corrections.

8. Finally, the defendant was convicted of burglary in the second degree, felony theft, possession of burglar's tools, and property damage in the second degree in the Circuit Court of the City of St. Louis, Missouri, in March 2015 and received an eight year sentence in the Missouri Department of Corrections.

9. The defendant allegedly committed this offense while he was on parole with the Missouri Board of Probation & Parole.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Jason S. Dunkel*
JASON DUNKEL, #65886(MO)
Assistant United States Attorney
111 South Tenth Street, 20th Floor
Saint Louis, Missouri  63102
Jason.Dunkel@usdoj.gov
Telephone: (314) 539-2200
Facsimile: (314) 539-3887


TERESA A. MOORE
Acting United States Attorney

ANTHONY M. BROWN
Special Assistant United States Attorney
Missouri Bar # 62504
500 Hammons Tower
901 St. Louis Street
Springfield, Missouri 65806
(417) 831-4406

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

All Attorneys of Record.

Furthermore, an electronic copy of the foregoing was served by electronic mail upon two two duty assistant federal public defenders of the day: Diane Dragan (Diane_Dragan@fd.org) and Charles Banks (Charles_Banks@fd.org).

*/s/ Jason S. Dunkel*
JASON S. DUNKEL, #65886(MO)
Assistant United States Attorney